IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| OREXO AB and OREXO US, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No.: ____________________ |
| | ) | |
| ACTAVIS ELIZABETH LLC, TEVA PHARMACEUTICALS USA, INC. and TEVA PHARMACEUTICAL INDUSTRIES, LTD., | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Orexo AB and Orexo US, Inc. ("Orexo US") (collectively, "Plaintiffs"), for their Complaint against defendants Actavis Elizabeth LLC ("Actavis Elizabeth"), Teva Pharmaceuticals USA, Inc. ("Teva USA"), and Teva Pharmaceutical Industries, Ltd. ("Teva Ltd.") (collectively "Defendants"), hereby allege as follows:

## THE PARTIES

1. Plaintiff Orexo AB is a company organized and existing under the laws of Sweden, having its principal place of business at Virdings allé 32 A, 754 50 Uppsala, Sweden.

2. Plaintiff Orexo US is a corporation organized and existing under the laws of the state of Delaware, having its principal place of business at 150 Headquarters Plaza, East Tower, Morristown, New Jersey 07960. Orexo US is a wholly owned subsidiary of Orexo AB.

3. Defendant Actavis Elizabeth is a company organized, existing under the laws of, and incorporated in the state of Delaware, having a principal place of business at 200 Elmora Avenue, Elizabeth, New Jersey 07202. Actavis Elizabeth develops, manufactures, markets, sells and/or distributes generic drugs throughout the United States, including in this District, and as a subsidiary and agent of Teva USA and Teva Ltd.

4. Defendant Teva Pharmaceuticals USA, Inc. is a company organized, existing under the laws of, and incorporated in the state of Delaware, having a principal place of business at 425 Privet Road, Horsham, Pennsylvania 19044. Teva USA develops, manufactures, markets, sells and/or distributes generic drugs throughout the United States, including in this District, and through its subsidiaries and agents, *inter alia*, Actavis Elizabeth.

5. Defendant Teva Pharmaceutical Industries, Ltd. is an Israeli company with its principal place of business at 5 Basel Street, P.O. Box 3190, Petach Tikva, 49131, Israel. Teva Ltd. develops, manufactures, markets, sells and/or distributes generic drugs throughout the United States, including in this District, and through its subsidiaries and agents, *inter alia*, Actavis Elizabeth, and Teva USA.

6. Teva USA is a wholly-owned subsidiary of Teva Ltd.

7. Actavis Elizabeth is a wholly-owned indirect subsidiary of Teva USA and Teva Ltd.

## JURISDICTION AND VENUE

8. This is an action for patent infringement arising under the Patent Laws of the United States and the Food and Drug Laws of the United States, Titles 35 and 21, United States Code. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338.

9. This Court has personal jurisdiction over Actavis Elizabeth. Actavis Elizabeth is incorporated in Delaware. It is registered with the Delaware Department of State: Division of Corporations under file number 0875422 and maintains a registered agent for service of process in Delaware.

10. Actavis Elizabeth regularly does or solicits business in Delaware, engages in other persistent courses of conduct in Delaware, and/or derives substantial revenue from

services or things used or consumed in Delaware, demonstrating that Actavis Elizabeth has continuous and systematic contacts with Delaware.

11. Actavis Elizabeth is in the business of manufacturing and selling generic pharmaceutical products that are distributed throughout the United States, including in the state of Delaware. Actavis Elizabeth directly or through its affiliates and agents develops, formulates, manufactures, markets, sells and/or distributes pharmaceutical products, including generic drug products, throughout the United States and in this judicial district.

12. Actavis Elizabeth holds an active Delaware pharmacy wholesale license (No. A4-0000069) and an active Delaware controlled substances distributor/manufacturer license (No. DS0751).

13. Actavis Elizabeth has availed itself of this forum initiating civil actions in this jurisdiction, including but not limited to *Actavis Elizabeth LLC v. Novartis Corporation et al.*, 16-cv-00604-RGA (D. Del 2016).

14. Actavis Elizabeth has purposefully availed itself of the privilege of conducting activities in Delaware and its conduct and connection with Delaware are such that it should reasonably anticipate being haled into court in the state.

15. This Court has personal jurisdiction over Teva USA. Teva USA is incorporated in Delaware. It is registered with the Delaware Department of State: Division of Corporations under file number 2053734 and maintains a registered agent for service of process in Delaware.

16. Teva USA regularly does or solicits business in Delaware, engages in other persistent courses of conduct in Delaware, and/or derives substantial revenue from services

or things used or consumed in Delaware, demonstrating that Teva USA has continuous and systematic contacts with Delaware.

17. Teva USA is in the business of manufacturing and selling generic pharmaceutical products that are distributed throughout the United States, including in the state of Delaware. Teva USA directly or through its affiliates and agents develops, formulates, manufactures, markets, sells and/or distributes pharmaceutical products, including generic drug products, throughout the United States and in this judicial district.

18. Teva USA holds active Delaware pharmacy wholesale licenses (Nos. A4-0001468 and A4-0001447) and active Delaware controlled substances distributor/manufacturer license (Nos. DM-0007115 and DM-0006546).

19. Teva USA has availed itself of this forum by initiating civil actions in this jurisdiction, including but not limited to *Teva Pharms. USA, Inc. et al. v. Biocon Ltd. et al.*, 16-cv-278-GMS (D. Del. 2016) and *Teva Pharms. USA, Inc. et al. v. Dr. Reddy's Labs.*, Ltd. et al., 15-cv-306-GMS (D. Del. 2015).

20. Teva USA has purposefully availed itself of the privilege of conducting activities in Delaware and its conduct and connection with Delaware are such that it should reasonably anticipate being haled into court in the state.

21. This Court has personal jurisdiction over Teva Ltd. Teva Ltd. regularly does or solicits business in Delaware, engages in other persistent courses of conduct in Delaware, and/or derives substantial revenue from services or things used or consumed in Delaware, demonstrating that Teva Ltd. has continuous and systematic contacts with Delaware.

22. Teva Ltd. is in the business of manufacturing and selling generic pharmaceutical products that are distributed throughout the United States, including in the state

of Delaware. Teva Ltd. directly or through its affiliates and agents develops, formulates, manufactures, markets, sells and/or distributes pharmaceutical products, including generic drug products, throughout the United States and in this judicial district.

23. Teva Ltd. has availed itself of this forum by initiating civil actions in this jurisdiction, including but not limited to *Teva Pharms. USA, Inc. et al. v. Biocon Ltd. et al.*, 16-cv-278-GMS (D. Del. 2016) and *Teva Pharms. USA, Inc. et al. v. Dr. Reddy's Labs., Ltd. et al.*, 15-cv-306-GMS (D. Del. 2015).

24. Teva Ltd. has purposefully availed itself of the privilege of conducting activities in Delaware and its conduct and connection with Delaware are such that it should reasonably anticipate being haled into court in the state.

25. Defendants collaborate to develop, formulate, manufacture, market, sell and/or distribute pharmaceutical products, including generic drug products, throughout the United States and in this judicial district.

26. Upon approval of Actavis Elizabeth's Abbreviated New Drug Application (ANDA) No. 206258 and its Amendment, Defendants and/or their affiliates or agents will market and sell Actavis Elizabeth's Buprenorphine Hydrochloride and Naloxone Hydrochloride Dihydrate Sublingual Tablets, Eq. 0. 7 mg/0.18 mg Base (the "ANDA Product") in Delaware and throughout the United States and will derive substantial revenue therefrom. Upon approval of Actavis Elizabeth's ANDA and its Amendment, Defendants will sell the ANDA Product in the state of Delaware and throughout the United States, and will be involved in the development, manufacture, distribution, and/or marketing of the ANDA Product.

27. Upon approval of Actavis Elizabeth's ANDA and its Amendment, Defendants and/or their affiliates or agents will place the ANDA Product into the stream of

commerce with the reasonable expectation or knowledge and the intent that such products will ultimately be purchased and used by consumers in this judicial district.

28. This Court further has personal jurisdiction over Defendants because Defendants regularly do or solicit business in Delaware, engage in other persistent courses of conduct in Delaware, and/or derive substantial revenue from services or things used or consumed in Delaware and committed the tortious act of patent infringement under 35 U.S.C. § 271(e)(2) that has led and/or will lead to foreseeable harm and injury to plaintiff Orexo US, a Delaware corporation.

29. This Court has personal jurisdiction over Defendants by virtue of, *inter alia*, the above-mentioned facts.

30. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1400(b).

**THE PATENT-IN-SUIT**

31. Orexo US holds approved New Drug Application ("NDA") No. 204242 for buprenorphine hydrochloride and naloxone hydrochloride sublingual tablets, which are prescribed and sold in the United States under the trademark Zubsolv®.

32. Zubsolv® sublingual tablets are indicated for the maintenance treatment of opioid dependence and for the induction of buprenorphine maintenance therapy in patients suffering from opioid dependence.

33. United States Patent No. 9,259,421 ("the '421 patent," copy attached as Exhibit A) is titled "Abuse-Resistant Pharmaceutical Composition for the Treatment of Opioid Dependence" and was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on February 16, 2016. The '421 patent claims, *inter alia*, pharmaceutical compositions containing buprenorphine and naloxone. The '421 patent is listed in the FDA's

*Approved Drug Products with Therapeutic Equivalence Evaluations* ("the Orange Book") for Zubsolv® sublingual tablets (NDA No. 204242).

34. The named inventor of the '421 patent is Andreas Fischer. The '421 patent is assigned to Orexo AB.

35. United States Patent No. 8,940,330 ("the '330 patent," copy attached as Exhibit B) is entitled "Abuse-Resistant Pharmaceutical Composition For The Treatment Of Opioid Dependence" and was duly and legally issued by the USPTO on January 27, 2015. The '330 patent claims, *inter alia*, pharmaceutical compositions containing buprenorphine and naloxone. The '330 patent is listed in the Orange Book for Zubsolv® sublingual tablets (NDA No. 204242).

36. The named inventor of the '330 patent is Andreas Fischer. The '330 patent is assigned to Orexo AB.

37. The '330 patent has been the subject of previous litigation. On May 1, 2015, Plaintiffs filed an amended complaint against defendant Actavis Elizabeth in the District of Delaware, Civil Action No. 14-829 (SLR) (SRF) (the "Zubsolv I case") alleging infringement of, *inter alia*, the '330 patent. In response Actavis Elizabeth denied infringement and asserted that claims of the '330 patent were invalid. A bench trial relating to, *inter alia*, the '330 patent was held in June 2016.

38. On November 15, 2016, the district court issued an opinion in the Zubsolv I case. The district court held that claims 1, 3-6 and 8-10 of the '330 patent were invalid for obviousness.

39. On December 7, 2016, Orexo filed a notice of appeal of the district court's judgement of invalidity of '330 patent claims 1, 3-6 and 8-10 in Zubsolv I. Briefing in

the appeal concluded on April 3, 2017. The appeal is pending. A date for oral argument has not yet been set.

## CLAIMS FOR RELIEF - PATENT INFRINGEMENT

40. Actavis Elizabeth submitted an Amendment to ANDA No. 206258 to the FDA seeking approval to engage in the commercial manufacture, use, or sale of the ANDA Product.

41. The Amendment to ANDA No. 206258 seeks FDA approval of the ANDA Product for the indication of maintenance treatment of opioid dependence and/or for the induction of buprenorphine maintenance therapy in patients suffering from opioid dependence.

42. Teva USA and Teva Ltd. actively participated in and/or directed activities related to the submission of the Amendment to ANDA No. 206258 and the development of the ANDA Product, were actively involved in preparing the Amendment to the ANDA, and/or intend to directly benefit from and have a financial stake in the approval of the Amendment to the ANDA. Upon approval of Actavis Elizabeth's ANDA and its Amendment, Teva USA and Teva Ltd. will be involved in the development, manufacture, distribution, and/or marketing of the ANDA Product.

43. By letter dated May 3, 2017 ("the May 3 Notice Letter"), and pursuant to 21 U.S.C. § 355(j)(2)(B)(iv) and 21 C.F.R. § 314.95, Defendants notified Plaintiffs that Actavis Elizabeth had submitted an Amendment to ANDA No. 206258 to the FDA seeking approval to engage in the commercial manufacture, use, or sale of the ANDA Product before the expiration of the '421 and '330 patents.

44. In the May 3, 2017 Notice Letter, Defendants notified Plaintiffs that, as a part of Actavis Elizabeth's Amendment to the ANDA, they had filed a certification of the type

described in 21 U.S.C. § 355(j)(2)(A)(vii)(IV) (a "Paragraph IV Certification") with respect to the '421 and '330 patents.

45. In the May 3, 2017 Notice Letter, Defendants did not assert that the ANDA Product does not infringe claims 1, 4-5 or 23-24 of the '421 patent because any claim limitation is missing from the ANDA Product.

46. In the May 3, 2017 Notice Letter, Defendants did not assert that the ANDA Product does not infringe claims 1-11 of the '330 patent because any claim limitation is missing from the ANDA Product.

## COUNT I
## Infringement of U.S. Patent No. 9,259,421 Under 35 U.S.C. § 271

47. Plaintiffs repeat and reallege paragraphs 1 through 44 as if fully set forth herein.

48. By submitting the Amendment to ANDA No. 206258 to the FDA to obtain approval under the Food, Drug, and Cosmetic Act to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the ANDA Product throughout the United States prior to the expiration of the '421 patent, Defendants committed an act of infringement of the '421 patent under 35 U.S.C. § 271(e)(2).

49. The commercial manufacture, use, offer for sale, sale, and/or importation of the ANDA Product, for which Actavis Elizabeth seeks approval in the Amendment to ANDA No. 206258, will infringe, induce infringement, and/or contributorily infringe one or more claims of the '421 patent under 35 U.S.C. §§ 271(a), 271(b), and/or 271(c).

50. Defendants were aware of the '421 patent at the time the Amendment to the ANDA was submitted and deliberately and intentionally submitted the Amendment to the

ANDA with knowledge that one or more claims of the ’421 patent covered the ANDA Product or its use.

51. Plaintiffs will be irreparably harmed by Defendants’ infringing activities and do not have an adequate remedy at law.

**COUNT II**
**Infringement of U.S. Patent No. 8,940,330 Under 35 U.S.C. § 271**

52. Plaintiffs repeat and reallege paragraphs 1 through 51 as if fully set forth herein.

53. By submitting the Amendment to ANDA No. 206258 to the FDA to obtain approval under the Food, Drug, and Cosmetic Act to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the ANDA Product throughout the United States prior to the expiration of the ’330 patent, Defendants committed an act of infringement of the ’330 patent under 35 U.S.C. § 271(e)(2).

54. The commercial manufacture, use, offer for sale, sale, and/or importation of the ANDA Product, for which Actavis Elizabeth’s seeks approval in the Amendment to ANDA No. 206258, will infringe, induce infringement, and/or contributorily infringe one or more claims of the ’330 patent under 35 U.S.C. §§ 271(a), 271(b), and/or 271(c).

55. Defendants were aware of the ’330 patent at the time the Amendment to the ANDA was submitted and deliberately and intentionally submitted the Amendment to the ANDA with knowledge that one or more claims of the ’330 patent covered the ANDA Product or its use.

56. Plaintiffs will be irreparably harmed by Defendants’ infringing activities and do not have an adequate remedy at law.

57. Orexo is filing suit regarding the ’330 patent at this time, while an appeal relating to the validity of the patent is pending, to preserve its rights if the district court’s decision regarding the ’330 patent’s validity is reversed.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for a judgment in their favor and against Defendants and respectfully request the following relief:

A. A judgment that under 35 U.S.C. § 271(e)(2)(A), Defendants have infringed one or more claims of the ’421 patent by submitting the Amendment to ANDA No. 206258 seeking FDA approval for the commercial manufacture, use, offer for sale, sale, and/or importation of the ANDA Product before the expiration of the ’421 patent;

B. A judgment that the manufacture, use, offer for sale, sale, and/or importation of the ANDA Product will infringe the ’421 patent under 35 U.S.C 271(a), 271(b), and/or 271(c).

C. A judgment declaring that the ’421 patent remains valid and enforceable;

D. A permanent injunction restraining and enjoining Defendants and their officers, agents, attorneys, and employees, and those acting in privity or concert therewith, from engaging in the commercial manufacture, use, offer for sale, sale, and/or importation of the ANDA Product until the expiration of the ’421 patent or any later date of exclusivity to which Plaintiffs are or become entitled;

E. An order that the effective date of any approval of Actavis Elizabeth’s ANDA No. 206258, as amended, under Section 505(j) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355(j)) shall be a date that is not earlier than the expiration of the ’421 Patent or any later date of exclusivity to which Plaintiffs and/or this patent are or become entitled;

F. A judgment that under 35 U.S.C. § 271(e)(2)(A), Defendants have infringed one or more claims of the ’330 patent by submitting the Amendment to ANDA No. 206258 seeking FDA approval for the commercial manufacture, use, offer for sale, sale, and/or importation of the ANDA Product before the expiration of the ’330 patent;

G. A judgment that the manufacture, use, offer for sale, sale, and/or importation of the ANDA Product will infringe the ’330 patent under 35 U.S.C 271(a), 271(b), and/or 271(c).

H. A judgment declaring that the ’330 patent remains valid and enforceable;

I. A permanent injunction restraining and enjoining Defendants and their officers, agents, attorneys, and employees, and those acting in privity or concert therewith, from engaging in the commercial manufacture, use, offer for sale, sale, and/or importation of the ANDA Product until the expiration of the ’330 patent or any later date of exclusivity to which Plaintiffs are or become entitled;

J. An order that the effective date of any approval of Actavis Elizabeth’s ANDA No. 206258, as amended, under Section 505(j) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355(j)) shall be a date that is not earlier than the expiration of the ’330 Patent or any later date of exclusivity to which Plaintiffs and/or this patent are or become entitled;

K. A determination that this case is “exceptional” under 35 U.S.C. § 285 and an award of attorneys’ fees;

L. Costs and expenses in this action; and

M. Such other and further relief as the Court may deem just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Derek J. Fahnestock*

Jack B. Blumenfeld (#1014)
Derek J. Fahnestock (#4705)
1201 North Market Street
P.O. 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
dfahnestock@mnat.com

*Attorneys for Plaintiffs*

OF COUNSEL:

Errol B. Taylor
Fredrick M. Zullow
Ryan N. Hagglund
Anna Brook
Nangah Tabah
Jordan P. Markham
Jenny Shum
Kyanna Lewis
MILBANK, TWEED, HADLEY & MCCLOY LLP
28 Liberty Street
New York, NY 10005
(212) 530-5000

June 14, 2017